IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAMELA MARTINEZ MONDRAGON,

     Plaintiff,

v.                                      No. 1:23-cv-00913-LF

SYLVIA F. LAMAR,

     Defendant.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE
## AND GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS

THIS MATTER comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 18, 2023 ("Complaint") and Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. 2, filed October 18, 2023.

**The Complaint**

Plaintiff alleges that Defendant, a state district court judge who presided over Plaintiff's divorce case, violated Plaintiff's due process rights by failing to acknowledge Plaintiff's disability (traumatic brain injury) and making Plaintiff sign an "agreement not knowing what she was signing." Complaint at 2. Plaintiff also alleges Defendant violated [HIPAA] by "allow[ing] medical information/background to be discussed in presence of people not involved w/case [Plaintiff] signed document not allowing medical information to be disclosed." Complaint at 3. Plaintiff seeks: (i) monetary damages; and (ii) to have Defendant "reprimanded and removed from bench." Complaint at 5.

The Complaint fails to state a claim against Defendant for monetary damages. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their

judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").  Plaintiff's allegations show that Defendant's actions were taken in her judicial capacity.  There are no allegations showing that Defendant's actions were taken in the complete absence of all jurisdiction.

Plaintiff also asserts that Defendant violated "HIPPA" by allowing the disclosure of medical information without Plaintiff's Consent.  *See* Complaint at 3.  It appears Plaintiff is referring to the Health Insurance Portability and Accountability Act ("HIPAA").  The Complaint fails to state a claim pursuant to HIPAA because "HIPAA does not create a private right of action for alleged disclosures of confidential medical information."  *Wilkerson v. Shinseki*, 606 F.3d 1256, 1257 n.4 (10th Cir. 2010).

Plaintiff also asks the Court to reprimand Defendant.  *See* Complaint at 5.  To the extent Plaintiff is seeking a declaratory judgment, the Court declines to exercise its discretion to entertain Plaintiff's request because the Complaint does not set forth allegations which would allow the Court to determine whether to exercise its discretion.  *See* 28 U.S.C. § 2201(a) (Declaratory Judgment Act states district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (listing factors courts should consider when determining whether to exercise its discretion to entertain a request for a declaratory judgment).

Plaintiff also asks the Court to remove Defendant from the bench.  *See* Complaint at 5. "Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission

2

taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'" *Catanach v. Thomson*, 718 Fed.Appx. 595, 599 (10th Cir. 2017) (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)); *see also Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("To the extent that he is seeking relief in the nature of mandamus, ordering Defendants to take action in their capacities as state judges, '[w]e have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties'").  Plaintiff has not alleged Defendant violated a declaratory judgment or that declaratory relief was unavailable.

The Court also notes that Plaintiff's Social Security Number and date of birth remain legible on pages 8 and 12, respectively, of her complaint. To protect her identity, Plaintiff should ensure that this information is fully obscured in her amended complaint.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute,"

"an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $1,325.00; and (ii) Plaintiff's monthly expenses total $1,370.00.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of this proceeding and because her monthly expenses exceed her monthly income.

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.  The Court grants Plaintiff leave to file an amended complaint.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's

action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). If Plaintiff files an amended complaint, the amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating

it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)    Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case and file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(ii)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 18, 2023, is **GRANTED.**

_____

**UNITED STATES MAGISTRATE JUDGE**