IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAMELA MARTINEZ MONDRAGON,

    Plaintiff,

vs.                                                                                                                      No. CIV 23-0913 JB/LF

SYLVIA F. LAMAR,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on (i) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 18, 2023 (Doc. 1)("Complaint"); and (ii) the Plaintiff's Amended Order to Show Cause, filed November 3, 2023 (Doc. 6)("Response"). Plaintiff Pamela Martinez Mondragon appears pro se. For the reasons set out below, the Court will: (i) dismiss the claims asserted by Mondragon with prejudice for failure to state a claim; (iii) dismiss the Complaint; and (iv) dismiss this case.

## PROCEDURAL BACKGROUND

Mondragon alleges that Defendant Sylvia F. Lamar, a State district court judge who presided over Mondragon's divorce case, violated Mondragon's due process rights by failing to acknowledge Mondragon's disability (traumatic brain injury), and making Mondragon sign an "agreement not knowing what she was signing." Complaint at 2. Mondragon also alleges Lamar violated the Health Insurance Portability and Accountability Act, 42 USCA § 42 U.S. Code § 1320d ("HIPAA"), by "allow[ing] medical information/background to be discussed in presence of people not involved w/case petitioner signed document not allowing medical information to be

disclosed." Complaint at 3. Mondragon seeks: (i) monetary damages; and (ii) to have Lamar "reprimanded and removed from bench." Complaint at 5.

The Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified Mondragon:

> The Complaint fails to state a claim against Defendant for monetary damages. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed. App'x 725, 727 (10th Cir. 2008)(*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)(articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). Plaintiff's allegations show that Defendant's actions were taken in her judicial capacity. There are no allegations showing that Defendant's actions were taken in the complete absence of all jurisdiction.
>
> Plaintiff also asserts that Defendant violated "HIPPA" by allowing the disclosure of medical information without Plaintiff's Consent. *See* Complaint at 3. It appears Plaintiff is referring to the Health Insurance Portability and Accountability Act ("HIPAA"). The Complaint fails to state a claim pursuant to HIPAA because "HIPAA does not create a private right of action for alleged disclosures of confidential medical information." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1257 n.4 (10th Cir. 2010).
>
> Plaintiff also asks the Court to reprimand Defendant. *See* Complaint at 5. To the extent Plaintiff is seeking a declaratory judgment, the Court declines to exercise its discretion to entertain Plaintiff's request because the Complaint does not set forth allegations which would allow the Court to determine whether to exercise its discretion. *See* 28 U.S.C. § 2201(a)(Declaratory Judgment Act states district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration")(emphasis added); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)(listing factors courts should consider when determining whether to exercise its discretion to entertain a request for a declaratory judgment).
>
> Plaintiff also asks the Court to remove Defendant from the bench. *See* Complaint at 5. "Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Catanach v. Thomson*, 718 Fed. App'x 595, 599 (10th Cir. 2017) (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)); *see also Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)("To the extent that he is seeking relief

>in the nature of mandamus, ordering Defendants to take action in their capacities as state judges, '[w]e have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties'"). Plaintiff has not alleged Defendant violated a declaratory judgment or that declaratory relief was unavailable.

Memorandum Opinion and Order to Show Cause and Granting Application to Proceed in Forma Pauperis at 1-3, filed October 19, 2023 (Doc. 5)("Order"). Magistrate Judge Fashing ordered Mondragon to "show cause why the Court should not dismiss this case and file an amended complaint." Order at 6 (notifying Mondragon that failure to timely show cause and file an amended complaint may result in dismissal of this case).

Mondragon filed a Response to Magistrate Judge Fashing's Order, but did not file an amended complaint. The Response sets forth statements regarding events related to Mondragon's case in State court and closes stating:

>I pray the court will look at my paperwork.
>
>>A.   Disqualification based on New Mexico code of Judicial conduct, Rule -21-4003 -- which indicates in pertinent part that a New Mexico judge should recuse whenever her impartiality might reasonably be questioned including when she has a personal bias concerning party and the deprivation of any rights. Civil Political the circumstance attending and the cause of deprivation determine the under U.S.V Lovett, 328 U.S 303, 665 CT 1073, 1083, 90 K,ED, 1252m1946
>>
>>B.   Peremptory change of judge under NMRA rule 1-022-1 and NM STAT.ANN.SS 3839
>>
>>C.   Any other relief the court or fit.
>>
>>D.   Also investigate Judicial bias and help for HIPPA violation.

Response at 3. The Response does not address the following issues that Magistrate Judge Fashing raises in her Order: (i) judicial immunity; (ii) that HIPAA does not create a private right of action for disclosures of confidential medical information; (iii) the factors courts should consider when

determining whether to exercise discretion to entertain a request for declaratory judgment; and (iv) the availability of injunctive relief against a judicial officer for acts or omissions taken in the officer's judicial capacity.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

> If the Court can reasonably read the pleadings to state a valid claim on which [the Plaintiff] could prevail, it should do so despite [his or her] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

Hall v. Bellmon, 935 F.2d at 1110. The court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly"). A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'patently obvious' that the plaintiff could not prevail on the facts

alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d at 1282 (quoting Hall v. Bellmon, 935 F.3d at 1110).

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(Brorby, J.). The complaint's sufficiency is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)(Briscoe, J.)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)(McKay, J.)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise

a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(Kelly, J.). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

Although affirmative defenses generally must be pled in the defendant's answer, not argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions. First, a defendant can argue an affirmative defense on a motion to dismiss where the defendant asserts an immunity defense; the courts handle these cases differently than other motions to dismiss. See Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan,

555 U.S. 223 (2009)); Robbins v. Oklahoma, 519 F.3d at 1247.  Second, the defendant can raise the defense on a motion to dismiss where the facts establishing the affirmative defense are apparent on the face of the complaint.  See Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)(Hill, J.)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.").  The defense of limitations is the affirmative defense that the complaint's uncontroverted facts is most likely to establish.  See 5 Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure, § 1277, at 643 (3d ed. 2004).  If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6).  See Rohner v. Union P. R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955)(Wallace, J.); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945)(Phillips, J.); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute.  The Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be argued merely in response to the motion.  Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954)(Major, J.)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts establishing an exception to the affirmative defense).  It appears that, from case law in several Courts of Appeals, the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by refraining from pleading specific or identifiable dates.  See Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007)(Niemeyer, J.); Hollander v. Brown, 457 F.3d 688, 691

n.1 (7th Cir. 2006)(Ripple, J.).  Although the Tenth Circuit has not squarely addressed this practice, the Court has permitted this practice.  See Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d 1188 (D.N.M. 2014)(Browning, J.).

## ANALYSIS

Having carefully reviewed the Amended Complaint, the Response and the relevant law, the Court will: (i) dismiss Mondragon's claims with prejudice for failure to state a claim; (ii) dismiss the Complaint; and (iii) dismiss this case.  The Court will dismiss Mondragon's claim for claim for monetary damages, because Judge Lamar, as a state judge, is immune from monetary damages claims.  See Sawyer v. Gorman, 317 F. App'x 725, 727 (10th Cir. 2008)("[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction.")(quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).[1]  The Court will dismiss Mondragon's claim pursuant to HIPAA, because "HIPAA does not create a private right of action for alleged disclosures of confidential medical information."  Wilkerson v. Shinseki, 606 F.3d 1256, 1257 n.4 (10th Cir. 2010).

---

[1]Sawyer v. Gorman, 317 F. App'x 725 (10th Cir. 2008), is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Sawyer v. Gorman and Catanach v. Thomson, 718 F. App'x 595 (10th Cir. 2017) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

The Court construes Mondragon's claim to reprimand Lamar as seeking a declaratory judgment. The Court will dismiss Mondragon's claim for a declaratory judgment, because the Complaint does not set forth allegations showing that the Court should exercise its discretion to entertain a request for a declaratory judgment. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994)(listing factors courts should consider when determining whether to exercise its discretion to entertain a request for a declaratory judgment). The Court construes Mondragon's claim to remove Judge Lamar from the bench as seeking an order enjoining Judge Lamar from performing judicial duties. The Court will dismiss Mondragon's claim to enjoin Judge Lamar, because Mondragon has not alleged Judge Lamar violated a declaratory judgment or that declaratory relief was unavailable. See Catanach v. Thomson, 718 F. App'x 595, 599 (10th Cir. 2017)("Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" (quoting Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011))).

The Court will dismiss with prejudice the claims Mondragon asserts for failure to state a claim upon which relief can be granted. First, the Complaint fails to state claims. Second, Mondragon's Response does not cite any legal authority showing that the Court should not dismiss the claims. Third, Mondragon did not file an amended complaint as Magistrate Judge Fashing ordered.

**IT IS ORDERED** that: (i) the Plaintiff's claims are dismissed; (ii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 18, 2023 (Doc. 1), is dismissed; and (iii) this action is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Pamela Martinez Mondragon
Espanola, New Mexico

    *Plaintiff pro se*